IN THE SUPERIOR COURT
OF GUAM

JAMES JI and NARCISA SAN AGUSTIN, )
           )
    Plaintiffs,  )
           )
  vs.        )
           )
VERONICA T. GARRIDO and DOES 1-10, )
           )
    Defendants.  )
           )
           )
_____ )

Civil Case no. CV1007-09

**DECISION AND ORDER**

## INTRODUCTION

This matter is before the Honorable Judge Michael J. Bordallo. Pursuant to Rule 7.1 of the Court's local rules, Defendant's Motion for Summary Judgment and Motion to Strike was taken under advisement by the Court on August 18, 2013. Defendant was represented by Attorney Vincent Leon Guerrero. Plaintiff was represented by Genevieve P. Rapadas. After considering the matters presented, the Court now issues the following decision DENYING Defendant's motion for her failure to adequately develop her motion for summary judgment.

## BACKGROUND

This action stems from Plaintiff's July 8, 2009, Complaint for Quite Title and Slander of Title and Defendant's August 29, 2011, Counterclaim to Quite Title. These pleadings pertain to a dispute over ownership to real property located in Tamuning, Guam. They arises from two deeds executed by David Borja on different days purportedly transferring the same interest in land to Defendant on May 14, 2008 and Plaintiffs on June 28, 2008.

**Summary Judgment Papers**

On March 1, 2013, Defendant filed a paper entitled Memorandum of Points and Authorities in Support of Motion for Summary Judgment. In its papers Defendant requests that

the Court enter an order finding that Plaintiffs' Complaint must be summarily dismissed and granting her counterclaim to quiet title. In support of this motion Defendant argues that Plaintiffs admit that Defendant is the owner and recipient of a deed that was signed by the property owner David Borja on May 14, 2008, prior to Plaintiffs' June 28, 2008 deed for the same property. Defendant reasons that this fact nullifies Plaintiffs' two count complaint and entitles her to summary judgment.

Plaintiffs filed their opposition to Defendant's motion on March 28, 2013. In it they argue that Defendant has failed to meet the standard required of a summary judgment movant. They assert through supported declarations of David Borja, the deeds' grantor, that:
1) Defendant persuaded him to sign her deed through false promises for consideration and temporary ownership of the property as well as prior forged deeds and papers; and 2) Plaintiffs were *bona fide* purchasers, unaware of any prior transfer upon receipt of their deed and provided him with good and valuable consideration for the property. Plaintiffs further identify each of the elements for quiet title and slander of title and argue that they have sufficiently established each element. As to Defendant's request to enter summary judgment in her favor Plaintiffs argue that she has failed to adequately analyze the disputed material facts of deceit, lack of consideration, slander, and Plaintiffs' *bona fide* purchaser status.

On April 11, 2013, Defendant filed her Reply. In it she argues that Plaintiffs have failed to state a claim in their complaint. She rebuts Plaintiffs assertions of having provided valuable consideration by citing to portions of their depositions where Plaintiffs Ji and San Agustin assert the property was not purchased but was a gift. Defendant argues that the assertions of false promises made by her to the property owner, fall outside the statute of frauds and the limitations period for breach of contract and that the property owner David Borja has recanted many of the assertions upon which Plaintiffs rely.

# DISCUSSION

Rule 56 of the Guam Rules of Civil Procedure regulates when a court may grant summary judgment. Guam R. Civ. P. 56. Summary Judgment is appropriate if the pleadings, deposition, interrogatories and admissions on file together with the affidavits, if any show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Guam R. Civ. P. 56(c). *Izuka Corp. V. Kawasho International, (Guam), Inc.*, 1997 Guam 10, ¶7.

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

In rendering its decision on a motion for summary judgment, a court must draw inferences and view the evidence in a light most favorable to the non-moving party. *Bank of Guam v. Flores*, 2004 Guam 25. If however, the movant can demonstrate that there are no genuine issues of material fact, the non-movant cannot merely rely on allegations contained in the pleading, but must produce at least some significant probative evidence to support the pleading. *Edwards v. Pacific Financial Corporation*, 2000 Guam 27, ¶7.

Consequently, a court's "ultimate inquiry is to determine whether the 'specific facts' set by the nonmoving party, coupled with undisputed background or contextual facts, are such that a rational or reasonable jury might return a verdict in its favor based on that evidence." *Edwards*, 2000 Guam 27, ¶7.

## Motion Sufficiency

Applying the above standard to the instant case the Court is dismayed by the inadequacy of the Defendant's motion and its failure to meet a movant's initial burden. *Mot.* at

1-4. Although subpart 56(b) allows that "[a] party against whom a claim . . . is asserted . . . may, at any time, move with or without supporting affidavits for a summary judgment," this does not relieve the movant from separately identifying the disputed and undisputed facts and essential elements of the cause of action for which summary dismissal is sought and applying and analyzing them under the appropriate standard. *Guam Sanko Transportation, Inc. v. Pacific Modair Corporation*, 2012 Guam 2, ¶¶ 7-8; see, *Lamb v. Hoffman*, 2008 Guam 2, ¶¶ 34-36 ( In order to conduct a meaningful review, the parties must articulate their arguments in a way that allows this court to apply recognized rules of law); Guam R. Civ. P. 7 (An application to the court for an order shall . . . shall state with particularity the grounds therefor . . . .).

Defendant's motion contains no outline of the essential elements of Plaintiffs' claims for quite title or slander of title or of her own claim for quite title. *Mot.* at 1-4. Although it contains a section entitled Facts, it fails to identify and outline the undisputed and disputed facts in Plaintiffs' pleading or her own pleading. *Id.* Finally lacking but ultimately essential to any motion for summary judgment, is an analysis of how the undisputed material facts, when viewed in the light most favorable to the non-movant, require a summary dismissal is as a matter of law. *Lamb*, 2008 Guam 2, ¶¶ 34-36; *Celotex Corp.*, 477 U.S. 317, 323 (1986); *Edwards*, 2000 Guam 27, ¶7.

**Quiet Title**

Count I of Plaintiff's July 8, 2009, Complaint is for Quiet Title. Cmpl. at 3. In Guam actions to quite title are regulated by Section 25101 of Title 21 of the Guam Code. *Taitano v. Lujan*, 2005 Guam 26, ¶ 23. This section provides,

> An action may be brought by any person against another who claims an estate or interest in real or personal property, adverse to him . . . .

21 GCA § 25101. The Guam Supreme Court has yet to analyze this section to determine the

specific elements of a quiet title action. However on its face Section 25101 requires that an action for quiet title must sufficiently describe and assert: 1) the disputed estate or interest in property; 2) the person requesting a quiet enjoyment of title; 3) a claim in the disputed property; 4) against another person; 5) and their claim in the same property. *Id.* In this case Defendant fails to adequately apply the above elements to the appropriate standard. *Id.* She simply asserts that because Plaintiffs recognize that an earlier signing of her purported deed occurred, that Plaintiffs' claims as a matter of law must fail and requests that her own claim for quite title be adjudicated in her favor. *Id.* at 3.

Defendant first fails to support or analyze her primary argument; that the sole act of signing of a deed conveys title. *Id.* Second Plaintiff fails to identify or analyze how Plaintiffs' assertions, of deceit, lack of consideration, failure to record, and malice are not as a matter of law, material. *Id.* Absent the Defendant providing these, the Court is left to, "discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments." *Lamb*, 2008 Guam 2, ¶¶ 34-36. Placing such a burden upon the Court undermines the ideals of due process and fairness.

**Slander of Title**

Count II of Plaintiff's July 8, 2009, Complaint is for Quiet Title. Cmpl. at 4. While an action for slander of title has yet to be specifically analyzed by the Guam Supreme Court, Section 39110 of Title 21 provides,

> No person shall use the privilege of filing notices of claims hereunder for the purposes of slandering the title to land and in any action brought for the purpose of quieting title to land, or to register land under the Land Title Registration Law, if the court shall find that any person has filed a notice of claim for the purpose only of slandering title to such land, he shall award the plaintiff or petitioner all the costs of such action, including attorney's fees to be fixed and allowed to the plaintiff or petitioner by the court, and all damages the plaintiff or petitioner may have sustained as the result of such notice of claim having been filed for record.

21 GCA § 3110. Defendant's motion and memoranda fails to discuss or identify any of the elements set forth by this statue or analyze the material and disputed facts set forth in Plaintiffs' pleading. Absent this the Court is unable to grant the relief requested.

## CONCLUSION

For the reasons set forth above Defendant's motion for summary judgment is DENIED.

SO ORDERED, this ____1____ day of ____Oct____ 2013.

HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

OCT 0 1 2013